**HERTZ CORPORATION, a Corporation,
Plaintiff in Error,**

v.

**MERCHANTS DELIVERY SERVICE, a
Corporation, Defendant in Error.**

No. 38327.

Supreme Court of Oklahoma.

July 14, 1959.

Rehearing Denied Oct. 6, 1959.

Robinson, Shipp, Robertson & Barnes, by Leon Shipp, Oklahoma City, for plaintiff in error.

Monnet, Hayes, Bullis, Grubb & Thompson, by Henry B. Taliaferro, Jr., Oklahoma City, for defendant in error.

PER CURIAM.

This is an action by Hertz Corporation, a corporation, against the defendant, Merchants Delivery Service, a corporation, to recover damages to personal property allegedly caused by negligence of the defendant. The parties will be referred to in the same manner as in the trial court.

The plaintiff alleged in substance that it is engaged in the rental car and rental truck business; that on the 17th day of November, 1956, it rented one of its trucks to the defendant; that at the time it was picked up by the defendant's agent it contained some articles of merchandise which were the property of the Kerr Dry Goods Company; that the defendant and its employees wrongfully and negligently, and without consulting with the plaintiff, Hertz,

or its agents, removed the articles from the truck and placed them in an alley where they were run over, destroyed and damaged in the amount of $2,095.44, which amount plaintiff was required to and did pay to the owner thereof, Kerr Dry Goods Company.

Defendant's answer states that it is engaged in delivering goods by truck; that on November 17, 1956, at approximately 12 o'clock midnight, its employee went to the plaintiff's place of business to obtain a rental truck from it for the purpose of hauling newspapers; that an employee and agent of plaintiff conducted defendant's employee to plaintiff's parking lot where he selected a van-type truck with loading doors in the rear, started the engine thereof, gave certain operating instructions to defendant's employee and turned the truck over to him; that plaintiff's employee negligently failed to inspect the enclosed body of said truck to determine whether any articles of merchandise were located therein and failed to advise defendant's employee that the truck contained any merchandise but delivered the truck to defendant for its use in hauling goods under its rental contract with plaintiff; that plaintiff's employee's action in failing to inspect the truck to discover the presence of the merchandise therein and in failing to advise defendant of its presence in the truck constituted negligence, which was at least joint and concurring and the approximate cause of the damage to said property; that by reason thereof plaintiff is not entitled to recover against defendant.

The case was presented to the court by stipulation of the parties, the substance of which was that on the 17th day of November, 1956, the plaintiff rented one of its trucks to the defendant; that when it was delivered to the defendant's agent there was a quantity of articles and merchandise which was the property of the Kerr Dry Goods Company, and which was left in the truck the evening before; that the defendant's agent drove the truck to the loading dock of the Mistletoe Express Company for the purpose of picking up and transporting the Daily Oklahoman newspapers; that the said agent found the merchandise in the truck, did not notify the plaintiff but removed it to a place about 50 feet from the loading dock and placed it against a brick wall without leaving anyone in charge of the merchandise; that the merchandise became scattered and damaged, and that plaintiff paid in satisfaction of Kerr's claim for damage to said property the amount of $2,095.44, which was reasonable and proper for the value of the merchandise destroyed.

The trial judge found the issues generally in favor of the defendant and entered judgment for the defendant.

The plaintiff relies upon the following statutes: 15 O.S.A. §§ 443, 444, 461, 462 and 463.

Sec. 443 provides:

"An involuntary bailment is made:

"First. By the accidental leaving or placing of personal property in the possession of any person, without negligence on the part of its owner; or,

"Second. In cases of fire, shipwreck, inundation, insurrection, riot, or like extra ordinary emergencies, by the owner of personal property committing it, out of necessity, to the care of any person."

Sec. 444 provides:

"The person with whom a thing is deposited, in the manner described in the last section, is bound to take charge of it if able to do so."

Sec. 461 provides:

"A gratuitous bailment is a bailment for which the bailee receives no consideration beyond the mere possession of the thing bailed."

Sec. 463 provides:

"A gratuitous bailee must use at least slight care for the preservation of the thing bailed."

The slight degree of care that the defendant was required to take of the merchandise stored in the truck is defined by the Oklahoma Statutes as follows:

25 O.S.A. § 4:

"Slight care or diligence is such as persons of ordinary prudence usually exercise about their own affairs of slight importance; ordinary care or diligence is such as they usually exercise about their own affairs of ordinary importance; and great care or diligence is such as they usually exercise about their own affairs of great importance."

The defendant contends that the plaintiff cannot recover damages from defendant for the reason that the defendant and plaintiff were joint tort-feasors; and further states that defendant owed no duty to plaintiff, and defendant's acts constitute no negligence toward plaintiff, Hertz Corporation; that if defendant's acts were negligent toward the Kerr Dry Goods Company, not a party to this lawsuit, it is patent from the stipulated facts that plaintiff was also negligent in dealing with Kerr's goods and was, along with defendant, a joint tort-feasor.

In reply the plaintiff contends that under the stipulation of the parties it is readily ascertainable that the plaintiff committed no tort; that it was liable to Kerr Dry Goods Company by reason of the bailee arrangement; that when Kerr demanded re-delivery of the merchandise, plaintiff was required to re-deliver it in the same condition that it had been received; that its liability did not depend upon negligence or the commission of a tort; that the payment made by plaintiff to Kerr Dry Goods Company was shown in evidence for the purpose of establishing the value of the merchandise destroyed and damaged; that the stipulation admits that the amount paid was the value thereof; that plaintiff seeks only to recover for the goods destroyed by the negligent action of the defendant.

In discussing the joint tort-feasor rule, we held in Harper-Turner Oil Co. v. Bridge, Okl., 311 P.2d 947, 952:

"It is well settled, however, that there must be but a single injury, and that to make tort-feasors jointly liable therefor, there must be some sort of community in the wrongdoing, and the injury must be in some way due to their joint work, even though it is not necessary that they be acting together or in concert, * * * Furthermore, one cannot be held to be a joint tort-feasor unless there is some evidence to connect him with the cause of the injury complained of."

The plaintiff for reversal in its proposition three contends that the defendant is liable by reason of its negligence.

The delivery of the truck to the defendant with the merchandise left in it by mistake was not the cause of the damage. The damage was caused by the defendant, after the merchandise was discovered in the truck and it had possession thereof, negligently putting the merchandise where it could be and was damaged and destroyed. The plaintiff was not present and was not even notified by the defendant of the presence of the merchandise so it could protect the same.

It was the duty of the defendant, after it discovered the merchandise in the truck, to promptly notify the plaintiff and to protect the property by putting it in a safe place until the merchandise could be delivered to it, and having failed and neglected to do so, it became liable for the resulting damages, which amount was agreed by stipulation to be $2,095.44. See 15 O.S. 1951, §§ 443, 444, 461, 462 and 463; 25 O.S. 1951, § 4, and 6 Am.Jur., Bailments, Secs. 240 (page 343) and 260 (page 366).

The judgment is reversed with directions to the trial court to render judgment for the plaintiff for $2,095.44.

The Court acknowledges the aid of Supernumerary Judge Corn in the preparation of this opinion. After a tentative opinion was written, the cause was assigned to a Justice of this Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.